## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

**ATLANTIC SPECIALTY INSURANCE COMPANY,**
**a New York corporation,**

**Plaintiff,**

   **v.**
                                      **Civil Action No.:** _____

**ALLIED-MARBURY, LLC**
**a Virginia limited liability company,**

       **SERVE:**          **DVD Management, L.L.C.**
                           **Registered Agent**
                           **3925 Old Lee Hwy**
                           **Suite 51A**
                           **Fairfax, VA 22030**
                           **(County of Fairfax)**

**Defendant.**

### COMPLAINT FOR INDEMNITY AND QUIA TIMET RELIEF

The plaintiff, Atlantic Specialty Insurance Company, by counsel, in accordance with Rule 3 of the *Federal Rules of Civil Procedure*, states the following as its Complaint for Indemnity and Quia Timet Relief (the "Complaint") against the defendant, Allied-Marbury, LLC.

### THE PARTIES

1.      Atlantic Specialty Insurance Company ("ASIC") is a corporation duly organized and existing under the laws of the State of New York, which maintains its principal place of business in the State of Minnesota.  ASIC is duly authorized to engage in the surety business in the Commonwealth of Virginia and serves as a bond surety for Allied-Marbury, LLC.

2.      The defendant, Allied-Marbury, LLC ("Allied-Marbury"), is and was, at all times pertinent to this proceeding, a limited liability company organized and existing under the laws of the Commonwealth of Virginia where it maintains its principal place of business.  Upon

information and belief, none of Allied-Marbury's members are citizens of or maintain principal

places of business in either the State of New York or the State of Minnesota.

**JURISDICTION AND VENUE**

3.      This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 in

that ASIC is a citizen of the State of New York and the State of Minnesota, the defendant Allied-

Marbury is a citizen of the Commonwealth of Virginia and, upon information and belief, none of

Allied-Marbury's members are citizens of or maintain principal places of business in either the

State of New York or the State of Minnesota.  The amount in controversy exceeds $75,000,

exclusive of attorneys' fees, costs and interest.

4.      Venue in this Court is proper as it is specifically conferred by the provisions of 28

U.S.C. § 1391 as Allied-Marbury is doing business in and the bonds at issue in this litigation

relate to projects in this district and division, and a substantial part of the events, acts and/or

omissions giving rise to the claims raised by this Complaint occurred and continue to occur

within this district and division.

**STATEMENT OF FACTS**

5.      In this Complaint, ASIC seeks to enforce its unconditional rights as surety under a

General Indemnity Agreement, and to compel the specific performance of the contractual

obligations of Allied-Marbury to, upon demand, exonerate, indemnify and hold ASIC harmless by

depositing with ASIC collateral security in an amount satisfactory to ASIC in its sole judgment

whenever it shall determine that such collateral is necessary to protect it from loss whether or not it

has made any payment, all in relation to a number of bonds it issued, as surety for Allied-Marbury.

6.      On January 20, 2017, Allied-Marbury, as principal and corporate indemnitor,

entered into a written General Indemnity Agreement ("GIA"), a true and accurate copy of which

2

is attached as Exhibit 1 and incorporated by reference as if specifically set forth in this Complaint.

7.      Under the terms and conditions of the GIA, Allied-Marbury promised and bound itself to exonerate, hold harmless, indemnify, and keep indemnified ASIC from and against any and all liability for losses, fees, costs and expenses of any kind or nature, including but not limited to, court costs, attorney's fees, accounting, and any other outside consulting fees and from and against any such losses and expenses which ASIC may sustain or incur, plus interest thereon, arising out of, directly or indirectly from:

>      (A)     ASIC being requested by Allied-Marbury to execute or procure the execution of any bonds;

>      (B)     ASIC having executed or procured the execution of any bonds on behalf of Allied-Marbury;

>      (C)     Allied Marbury's failure to perform or comply with any of the terms and conditions of the GIA, and/or

>      (D)     ASIC enforcing any of the terms and conditions of the GIA

GENERAL INDEMNITY AGREEMENT, at p. 1, ¶ 2.

8.      In reliance upon the terms and conditions of the GIA, and the promises of Allied-Marbury to exonerate, hold harmless, indemnify, and keep ASIC indemnified for any and all losses, ASIC considered and approved the requests of Allied-Marbury for the issuance of bonds on a number of contracts and/or obligations relating to the development of Marbury.  The bonds, as further described below, were issued by ASIC, as surety, naming Allied-Marbury as its principal and the appropriate entity to which Allied-Marbury was bound as its obligee.    The obligations for which bonds were issued include the following:

>      A.   Offsite Water Main Plan Permit Bond

>           Obligee:          County of Loudoun, Virginia
>           Bond No.:         800024183
>           Bond Date:        January 24, 2017

Original Amount:    $600,700.00

B.   Phase II Grading Permit Bond

       Obligee:            County of Loudoun, Virginia
       Bond No.:          800024184
       Bond Date:         January 23, 2017
       Original Amount:    $316,000.00

C.   Road Improvement Permit Bond

       Obligee:            Virginia Department of Transportation
       Bond No.:          800024186
       Bond Date:         February 10, 2017
       Amount:            $300,000.00

D.   Two Temporary Construction Entrances Permit Bond

       Obligee:            Virginia Department of Transportation
       Bond No.:          800024191
       Bond Date:         May 3, 2017
       Amount:            $20,000.00

E.   Phase II Section 3

       Obligee:            Loudoun County Sanitation Authority
       Bond No.:          800024192
       Bond Date:         May 3, 2017
       Amount:            $237,900

F.   Two Waterline Crossings Under Cedar Ridge Boulevard and Gum Springs
     Road Permit Bond

       Obligee:            Virginia Department of Transportation
       Bond No.:          800024198
       Bond Date:         June 13, 2017
       Amount:            $ 200,000.00

G.   Marbury Phase II Performance Bond

       Obligee:            County of Loudoun, Virginia
       Bond No.:          800024217
       Bond Date:         October 20, 2017
       Amount:            $2,221,000.00

H.   Marbury Phase III Revision, Section 4 Performance Bond

Obligee:              County of Loudoun, Virginia
Bond No.:             800024222
Bond Date:            November 10, 2017
Original Amount:      $2,398,000.00

I.   Phase III Section 3 Subdivision Bond

Obligee:              County of Loudoun, Virginia
Bond No.:             800024223
Bond Date:            November 10, 2017
Amount:               $ 249,647.00

J.   Marbury Phase III Section 2 Subdivision Bond

Obligee:              County of Loudoun, Virginia
Bond No.:             800024224
Bond Date:            November 10, 2017
Amount:               $271,626.00

Copies of Bond Nos. 800024183, 800024184,  80004186, 800024191, 800024192, 800024198, 800024217,  800024222, 800024223 and 800024224 (collectively, the "Bonds") are attached as Exhibits 2A – 2J, respectively.

9.      ASIC agreed to act as surety for Allied-Marbury, established a surety relationship with and issued the Bonds on behalf of Allied-Marbury in reliance upon  Allied-Marbury's promises to indemnify, exonerate and hold ASIC harmless from any and all losses, and its representations as to its financial strength and capacity.

10.     During the underwriting process and as of December 31, 2016, Allied-Marbury represented that it had approximately $16 million of equity.  As a result, and because of Allied-Marbury's financial strength, ASIC agreed to establish a surety relationship and a bond program without requiring the initial deposit of collateral before issuing bonds.  However, as of September 30, 2018 and as a result of substantial distributions by Allied-Marbury throughout the year to its members, Allied-Marbury's net equity has been reduced to approximately $1.5

million, even though the obligations for which Allied-Marbury is responsible from a performance and financial perspective are not completed and are taking much longer than originally represented.  The current exposure under the Bonds listed in ¶ 8 above currently totals $ 6,814,873.00   Indeed, by letter dated January 7, 2019 and two letters dated January 9, 2019, the Virginia Department of Transportation ("VDOT") has declined to release Bond Nos. 800024186, 800024198 and 800024191. True and accurate copies of VDOT's three letters in relation to those bonds are attached as Exhibits 3, 3B and 3C, respectively.

11.     Allied-Marbury has failed to pay renewal premiums for the months of October and November 2018. The collective amount of unpaid premiums for those periods totals $116,909.10.

12.     In addition to the obligation to exonerate, hold harmless and indemnify ASIC under the terms and conditions of the GIA, Allied-Marbury further agreed and bound itself to collateralize its obligations upon demand.  The GIA expressly provides that:

> The Indemnitors *[Allied-Marbury] upon demand of [ASIC], at any time and for any reason*, including but not limited to [ASIC]'s receipt of a claim, *shall* deliver to [ASIC] collateral in the form and amounts acceptable to [ASIC] in its sole and absolute discretion.  Any acceptable collateral provided to [ASIC] by [Allied-Marbury] or any third party or the proceeds thereof, in whole or in part, may be held in the name of [ASIC] and applied to any obligations of [Allied-Marbury] under this Agreement.  [ASIC] shall not have any obligation to release such collateral until it has received a written release and conclusive evidence of its discharge without loss in the form and substance satisfactory to [ASIC] with respect to the Bonds and fulfillment by [Allied-Marbury] of all obligations owed under this Agreement. [Allied-Marbury] agree[s] that [its] failure to immediately deposit with [ASIC] any sums demanded under this section shall cause irreparable harm to [ASIC] for which it has no adequate remedy at law, and [ASIC] shall be entitled to injunctive relief for specific performance of such obligation.

GENERAL INDEMNITY AGREEMENT, at p. 1, ¶ 3 (*emphasis and brackets added*).

13.     Based upon the information then available to it, ASIC asserted its demand for collateral in accordance with the terms and conditions of the GIA by letter dated December 14,

2018 that Allied-Marbury provide collateral in the amount of $12,734,739.00, all as a result of its issuance of the Bonds and other bonds.  The demand was based upon exposure under the Bonds and other bonds in the amount of $12,517,873 plus outstanding bond premium of $216,866.00, all as a result of the issuance of the bonds.  A true and accurate copy of the December 14, 2018 letter is attached as Exhibit 4.  By letter dated January 24, 2019, ASIC demanded that Allied-Marbury provide collateral or that its Bonds be replaced with new bonds issued by another surety.  A true and accurate copy of the January 24, 2019 letter is attached as Exhibit 5.

14.     Allied-Marbury has failed and, in fact, by email from Allied-Marbury's chief financial officer, specifically refused, in writing, to provide any collateral or replace ASIC on the Bonds.

15.     Since the December 14, 2018 demand for collateral and notwithstanding certain representations by Allied-Marbury which appear to be factually incorrect, ASIC has since been advised by the County of Loudoun on January 28, 2019 that two of the bonds which it issued and delivered to Allied-Marbury – Bond Nos. 800024220 in the amount of $2,916,000 and 800024221 in the amount of $2,787,000 - which appeared on its list of outstanding bonds and were included in the collateral demand, were never tendered by Allied-Marbury to the obligee (the County of Loudoun) or that the County of Loudoun did not accept them as  Allied-Marbury, in fact, furnished bonds issued by another surety, an issue which causes concern for ASIC as another surety may have competing exposure.

16.     As a result of the advices received from the County of Loudoun, ASIC's exposure under the Bonds has now been reduced to $6,814,873, plus the outstanding bond premium of $116,909.10.  As a result, by letter dated February 4, 2019, ASIC revised its demand for collateral by reducing it to $6,931,782.10 which figure is based upon (a) $6,814,873.00 in

outstanding principal exposure under the Bonds listed in ¶ 8 and (b) $116,909.10 in outstanding

premium.  A true and accurate copy of ASIC's letter dated February 4, 2019 is attached as

Exhibit 6.

17.     ASIC has called upon Allied-Marbury to specifically perform and fulfill its

contractual obligations to ASIC to exonerate and hold it harmless by furnishing collateral to

cover its exposure given Allied-Marbury's precipitous reduction in net equity and failure to pay

outstanding premium, all in accordance with the terms and conditions of the GIA.

18.     Notwithstanding ASIC's demands and Allied-Marbury's contractual obligations

to honor those demands under the GIA, Allied-Marbury has wholly failed and refused to provide

collateral, and to otherwise exonerate, hold harmless, indemnify, and keep ASIC indemnified by

furnishing the requisite collateral.

19.     As a result of its issuance of the Bonds, and the failure and refusal of Allied-

Marbury to fulfill its obligations under the GIA, which refusal constitutes a material breach of

contract which is material in nature, ASIC faces significant exposure under the Bonds for which

it is no longer adequately protected and, therefore, has suffered and continues to suffer

significant harm.

COUNT I
SPECIFIC PERFORMANCE

20.     ASIC restates and incorporates the allegations as set forth in ¶¶ 1 through 19

above as if specifically set forth in this paragraph.

21.     ASIC, in reliance upon the execution of the GIA by Allied-Marbury, issued the

Bonds naming Allied-Marbury as its principal and has since been advised of Allied-Marbury's

substantial distribution of the equity it reported at the time the surety relationship was established

resulting in a precipitous reduction in the net equity available.  As a result, ASIC faces significant

8

exposure under the Bonds, and has and will continue to incur attorneys' fees, costs and expenses by virtue of the issuance of the Bonds.

22.     Allied-Marbury agreed to exonerate, hold harmless, indemnify, and keep ASIC indemnified, upon demand, by among other things, collateralizing its indemnity obligations and discharging any exposure and liabilities under the Bonds.

23.     Notwithstanding ASIC's demands, Allied-Marbury has failed to discharge all of the liabilities under the various Bonds, collateralize its indemnity obligations and/or otherwise perform its obligations under the GIA.

24.     Allied-Marbury's actions and failures to act constitute breaches under the GIA, which breaches are material in nature and are subjecting ASIC to significant exposure and other losses.

25.     As a result of Allied-Marbury's failure to perform, for which there is no adequate remedy at law, ASIC is entitled to the entry of an order compelling Allied-Marbury to immediately and specifically perform its obligations under the express terms and conditions of the GIA by depositing sufficient funds to collateralize its indemnity obligations,  to secure and exonerate ASIC, to discharge any exposure and liability under and any claim made against the Bonds, and to satisfy all outstanding premium payment obligations in the amount of at least $6,931,782.10 or as the evidence may establish, as well as ASIC's attorneys' fees, costs and expenses.

WHEREFORE, ASIC requests the entry of an order compelling Allied-Marbury to immediately and specifically perform its obligations under the GIA.

### COUNT II
### QUIA TIMET AND INJUNCTIVE RELIEF

26.     ASIC restates and incorporates the allegations as set forth in ¶¶ 1 through 25

above as if specifically set forth in this paragraph.

27.     As of the filing of this Complaint, ASIC (a) faces significant exposure under the Bonds (b) has not received adequate assurances from Allied-Marbury as to the actual status of the work under the bonded obligations, (c) has not received sufficient collateral in accordance with the terms and conditions of the GIA, and (d) has not been discharged and released from the Bonds in accordance with the February 4, 2019 letter.

28.     ASIC justifiably fears it will sustain significant losses and is now suffering irreparable harm as a result of its issuance of the Bonds and Allied-Marbury's refusal to furnish any collateral.  ASIC anticipates that it may sustain losses in the amount of at least $6,931,782.10 in the form of claims under the Bonds, unpaid bond premium and attorneys' fees, costs and expenses.

29.     In accordance with the terms and conditions of the GIA, and the equitable doctrines of exoneration and *quia timet*, ASIC is entitled to have Allied-Marbury place it immediately in funds sufficient to cover the bond exposures, unpaid bond premiums and attorneys' fees, costs and expenses by virtue of its issuance of the Bonds.

30.     Unless the assets of Allied-Marbury are marshalled, accounted for and preserved, its indemnity obligations to ASIC are collateralized and ASIC is placed in funds or otherwise secured, ASIC's obligations under the Bonds, and its rights of exoneration and indemnification under the GIA and the law will not be adequately secured.

31.     ASIC is entitled to be placed in funds in the amount of at least $6,931,782.10 or as the evidence may otherwise establish, and to be fully collateralized by Allied-Marbury immediately and prior to making any further payments in discharge of its bond obligations.

32.     ASIC is without a plain, speedy or adequate remedy at law which will serve to immediately exonerate, indemnify and save it harmless for exposure under the Bonds and liabilities, and will be irreparably and permanently injured unless this Court grants immediate injunctive and equitable relief.  Further, unless injunctive and *quia timet* relief are granted immediately, ASIC is fearful that Allied-Marbury is likely to continue to sell, transfer, dispose of, lien, secure or otherwise divert or encumber its assets from being used to discharge its obligations to exonerate and indemnify ASIC, all to ASIC's irreparable harm.

33.     ASIC has been forced to retain legal counsel and incur other expenses and costs in pursuit of its rightful interests in this matter, and is entitled to be indemnified and saved harmless in accordance with the terms and conditions of the GIA and the law.

WHEREFORE, ASIC requests the entry of an order (1) awarding judgment in its favor, and (2) granting mandatory and prohibitory injunctive relief against Allied-Marbury, as follows:

A.     Directing Allied-Marbury, and its officers, directors, members, employees, executors, administrators, distributees, successors and assigns, or anyone acting in concert with them or on their behalf to:

1.     Immediately place ASIC in funds in at least the amount of $6,931,782.10 by money, property, liens or other security interests in property, as determined by ASIC, to collateralize and serve as ample security for its obligations under the Bonds, and rights of exoneration, indemnification and to be held harmless under the GIA, and to be replaced, released and discharged as surety under the Bonds;

2.     Indemnify and hold ASIC harmless for any and all liabilities, losses and expenses, including consultants' and attorneys' fees, which have been and/or may be incurred by ASIC as a result of its having executed bonds for Allied-Marbury;

B.     Permanently enjoining and restraining Allied-Marbury, and its officers, directors, members, employees, executors, administrators, distributees, successors and

11

assigns, or anyone acting in concert with them or on their behalf, from:

> 1.     Selling, transferring or otherwise disposing of or encumbering their assets and property in any manner, form or shape whatsoever;

> 2.     Allowing their assets and property to be liened or otherwise encumbered, unless and until ASIC shall be placed in funds or otherwise secured as required by the GIA;

> C.     Granting a lien upon all of the corporate and personal assets and property

of Allied-Marbury, and its officers, directors, members, employees, executors,

administrators, distributees, successors and assigns, or anyone acting in concert with

them or on their behalf, including all real and personal property, which they may own or

in which they have an interest, either individually or jointly, for the purpose of securing

ASIC against any and all losses that it may sustain or incur by virtue of having executed

the Bonds for Allied-Marbury, and to remain in effect unless and until ASIC shall be

placed in funds or otherwise secured as required by the GIA; and

> D.     Awarding such further relief as the Court deems just.

## COUNT III
## BREACH OF CONTRACT

34.     ASIC restates and incorporates the allegations as set forth in ¶¶ 1 through 33

above as if specifically set forth in this paragrap4.

35.     Under the terms and conditions of the January 20, 2017 GIA, Allied-Marbury is

obligated to exonerate, hold harmless, indemnify and keep indemnified ASIC from and against

any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or

nature, including court costs, counsel fees, investigative costs, and from any and all other such

losses and expenses which ASIC may sustain or incur as a result of the issuance of any bond on

behalf of Allied-Marbury.

36.     Pursuant to the GIA, ASIC demanded that Allied-Marbury collateralize the surety and put it in funds in accordance with the terms of the GIA.

37.     Allied-Marbury's failure and/or refusal to collateralize ASIC under the terms and conditions of the GIA constitutes a default and material breach of contract, the direct and natural result of which has caused ASIC to sustain significant damages.

WHEREFORE, ASIC seeks judgment against Allied-Marbury, in the principal amount of $6,931,782.10 or those sums which the evidence may otherwise establish, plus all interest at the pre-judgment rate on each payment, costs, expenses, and consultants' and attorneys' fees, as well as post-judgment interest on the entire sum until paid, all as provided by the terms and conditions of the GIA.

Respectfully submitted,

ATLANTIC SPECIALTY INSURANCE COMPANY

By Counsel

*/s/ Richard T. Pledger*
_____
Richard T. Pledger (VSB No. 28192)
Thomas J. Moran (VSB No. 71296)
Justin A. Thatch (VSB No. 92708)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, VA  23060
Telephone:     (804) 377-1260
Facsimile:     (804) 377-1280
e-mail:        rpledger@setlifflaw.com
               tmoran@setlifflaw.com
               jthatch@setlifflaw.com